RAMON K. QUICHOCHO, ESQ. (F0243)
LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2nd Floor, Sign Arts Building, San Jose
P.O. Box 505621
Saipan, MP 96950
Tel. No.: 670.234.8946
Fax: 670.234.8920
Email: karissa129@gmail.com

*Attorney for Defendant Larry B. Hocog*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO.: 08-00016-001 |
| Plaintiff, | |
| vs. | MOTION FOR BILL OF PARTICULARS |
| LARRY BORJA HOCOG, | |
| Defendant. | Hearing:<br>Time: |

Defendant Larry Borja Hocog, by and through undersigned counsel, and pursuant to FED. R. CRIM. P. 7(f), the Court's May 20, 2008 Order Setting Trial Date, and the Fifth and Sixth Amendments to the United States Constitution, hereby moves this Court for an order compelling the government to file a bill of particulars, setting forth the following:

**COUNT ONE: DISTRIBUTION OF OXYCODONE HYDROCHLORIDE**

1. Identify specific dates and instances when Dr. Hocog allegedly dispensed or distributed Oxycodone Hydrochloride, including but not limited to, names of individuals that Dr. Hocog dispensed or distributed Oxycodone Hydrochloride to.

2. Identify all overt acts not listed in the indictment but upon which the government may rely at trial.

3. Identify the manner and means which provide the basis for the allegation that Dr. Hocog dispensed and distributed Oxycodone Hydrochloride.

**COUNT TWO: DISTRIBUTION OF MEPERIDINE**

1. Identify specific dates and instances when Dr. Hocog allegedly dispensed or distributed Meperidine, including but not limited to, names of individuals that Dr. Hocog dispensed or distributed Meperidine to.

2. Identify all overt acts not listed in the indictment but upon which the government may rely at trial.

3. Identify the manner and means which provide the basis for the allegation that Dr. Hocog dispensed and distributed Meperidine.

In support of his motion, Defendant states:

1. In both Counts One and Two of the Indictment, Defendant is accused of knowingly and unlawfully dispensing and distributing Oxycodone Hydrochloride and Meperidine, respectively, over a period of almost three months.

2. The Indictment does not provide any information as to who Defendant dispensed or distributed the controlled substance to.

3. Furthermore, Defendant is left guessing how many instances between September 4, 2007, and November 26, 2007, the government is accusing him of distributing and dispensing controlled substances.

4. The information sought by the Defendant's motion is necessary to enable him to prepare an effective defense to the government's broad based allegations of distribution and dispensing of controlled substances.

5. A bill of particulars is appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.1979). All of these purposes will be served by a bill of particulars in this case.

Therefore, in fairness to the accused and to this Court, the Defendant's motion for bill of particulars should be GRANTED.

Respectfully submitted this 3rd day of June, 2008.

LAW OFFICES OF RAMON K. QUICHOCHO, LLC

/s/RAMON K. QUICHOCHO, ESQ.
CNMI Bar No. F0243
Attorney for Defendant