RAMON K. QUICHOCHO, ESQ. (F0243)
LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2nd Floor, Sign Arts Building, San Jose
P.O. Box 505621
Saipan, MP 96950
Tel. No.: 670.234.8946
Fax: 670.234.8920
Email: karissa129@gmail.com

*Attorney for Defendant Larry B. Hocog*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO.: 08-00016-001 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MOTION TO COMPEL |
| ) | PRODUCTION OF DISCOVERY |
| LARRY BORJA HOCOG, ) | |
| ) | |
| Defendant. ) | Hearing: |
| ) | Time: |

Defendant Larry Borja Hocog, by and through undersigned counsel, hereby moves this Court to compel production of the specific discovery set forth in the attached letter to government counsel. The information called for by each of the specific requests is discoverable under Federal Rule of Criminal Procedure 16 and under the Fourth, Fifth, and Sixth Amendments to the United States Constitution. It is hoped that the discovery issues raised by the attached letter can be worked out informally before the scheduled motions hearing in this case. However, to the extent that our informal discovery efforts are unsuccessful, we ask that the Court order the government to provide the requested information at the time of the motions hearing to be set by the Court.

In support of his motion, Defendant states:

1. The Court's May 20, 2008 Order Setting Trial Date set June 3, 2008, as the deadline to file all pretrial motions.

2. On May 20, 2008, Defendant requested production of discovery under the applicable rules and statutes. A true and correct copy of the May 20, 2008 discovery request letter is attached as Exhibit A, and incorporated herein by reference.

3. On June 2, 2008, during a phone conference, the U.S. Attorney's Office promised to produce discovery by June 3, 2008.

4. As of the filing of this motion, no such discovery was received by Defendant or his counsel.

Therefore, in fairness to the accused and to this Court, the Defendant's motion to compel production of discovery should be GRANTED.

Respectfully submitted this 3rd day of June, 2008.

LAW OFFICES OF RAMON K. QUICHOCHO, LLC

/s/RAMON K. QUICHOCHO, ESQ.
CNMI Bar No. F0243
Attorney for Defendant

# LAW OFFICES OF
# RAMON K. QUICHOCHO, LLC

2nd Floor • Sign Arts Building • San Jose
P.O. Box 505621 • Saipan, MP • 96950
Phone: 670.234.8946
Fax: 670.234.8920
E-mail: karissa129@gmail.com

U.S. ATTORNEY'S OFFICE
DISTRICTS OF GUAM & NMI

MAY 20 2008

RECEIVED

May 20, 2008

FAXED

Mr. Eric S. O'Malley
Assistant United States Attorney
UNITED STATES ATTORNEYS' OFFICE
Horiguchi Building, 3rd Floor
P.O. Box 500377
Saipan, MP 96950

Re: *U.S. v. Larry Borja Hocog*, Criminal Case No. 08-00016-001

Dear Mr. O'Malley:

Pursuant to Fed. R. Crim. P. 12(b)(4), 16(a), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable rules and statutes, I am writing to request discovery in the above-captioned case.

I request discovery as follows:

(1) <u>The Defendant's Statements</u>. Under Fed. R. Crim. P. 16 (a)(1)(A) and (B), the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of any government agent; any response to any *Miranda* warnings that may have been given to the defendant, (see *U.S. v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B);

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding defendant's arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and *Brady v. Maryland*, 373 U.S. 83 (1963). See also *Loux v. U.S.*, 389 F.2d 911 (9th Cir. 1968); *U.S. v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *U.S. v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *U.S. v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967).



Ex. "A"

Case 1:08-cr-00016    Document 10    Filed 06/03/2008    Page 4 of 7

Ltr. to Eric O'Malley, AUSA re: Discovery Requests.
Page 2 of 4

Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports about the defendant are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(h). Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time;

(3) <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial;

(4) <u>The Defendant's Prior Record</u>. The defendant requests, under Fed. R. Crim. P. 16(a)(1)(D), that the government provide a copy of the defendant's prior criminal record, if any, as within possession, custody or control of the government;

(5) *Brady* <u>Material</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused. *U.S. v. Bagley*, 473 U.S. 667 (1985); *U.S. v. Agurs*, 427 U.S. 97 (1976);

(6) <u>Evidence Seized</u>. Evidence seized because of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E) and is now requested;

(7) <u>Request for Preservation of Evidence</u>. The defendant specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved;

(8) <u>Tangible Objects</u>. The defendant requests, under Fed. R. Crim. P. 16(a)(2)(E), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained for or belong to the defendant;

(9) <u>Information Regarding Informants and Cooperating Witnesses</u>. The defendant requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the defendant. *Roviaro v. U.S.*, 353 U.S. 53 (1957);

Case 1:08-cr-00016    Document 10    Filed 06/03/2008    Page 5 of 7

Ltr. to Eric O'Malley, AUSA re: Discovery Requests.
Page 3 of 4

(10) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988);

(11) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. *See* Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady*, 373 U.S. at 83. *See U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record), *Thomas v. U.S.*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(12) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *U.S. v. Chitty*, 760 F.2d 425 (2d Cir. 1985);

(13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);

(14) <u>Names of Witnesses Favorable to the Defendant</u>. The defendant requests the name of any witness who has made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979);

(15) <u>Statements Relevant to the Defense</u>. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *U.S. v. Miller*, 874 F.2d 1255 (9th Cir. 1989). This includes in particular any statements by percipient witnesses;

(16) <u>Jencks Act Material</u>. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. The defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any *Jencks* statements and prepare for cross-examination;

(17) <u>*Giglio* Information</u>. Pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses;

(18) <u>Government Examination of Law Enforcement Personnel Files</u>. The defendant requests that the government examine the personnel files and any other files within its custody, care or

Case 1:08-cr-00016    Document 10    Filed 06/03/2008    Page 6 of 7

Ltr. to Eric O'Malley, AUSA re: Discovery Requests.
Page 4 of 4

control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential informant in this case. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). *See U.S. v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992).

(19) Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests disclosure of the identities, qualifications, and testimony of any expert witnesses the government intends to call at trial.

Thank you for your assistance in this matter.

Sincerely,

[signature]

RAMON K. QUICHOCHO, ESQ.

Cc:  Michael W. Dotts, Esq.
     Dr. Larry B. Hocog

# LAW OFFICES OF
# RAMON K. QUICHOCHO, LLC

2nd Floor • Sign Arts Building • San Jose
P.O. Box 505621 • Saipan, MP • 96950
Phone: 670.234.8946
Fax: 670.234.8920
Email: karissa129@gmail.com



## TRANSMITTAL SHEET

*The information contained in this document, including any accompanying documents, is intended only for the personal and confidential use of the designated recipient(s) named below. It may contain privileged and confidential matter. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this information in error, please advise the sender and return this document to the address above. Thank you very much.*

Date: May 20, 2008

| To: AUSA Eric S. O'Malley | From: Ramon K. Quichocho |
|---|---|
| Fax No.: 670.236.2985 | Fax No.: 670.234.8920 |
| Cc: Mike W. Dotts, Esq. | |

Number of pages including this page: 5

Subject: *U.S. v. Larry B. Hocog*, Criminal Case No. 08-00016-001—Discovery Requests

☐ Urgent!  ☐ For Review  ☐ Please Reply  ☐ Please Comment  ☐ FYI

Remarks: