1  LEONARDO M. RAPADAS
   United States Attorney
2  ERIC S. O'MALLEY
   Assistant United States Attorney
3  DISTRICT OF THE NORTHERN
      MARIANA ISLANDS
4  Horiguchi Building, Third Floor
   P.O. Box 500377
5  Saipan, MP 96950
   Telephone: (670) 236-2980
6  Fax:         (670) 236-2985

7  Attorneys for United States of America

## UNITED STATES DISTRICT COURT
## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-00016 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **GOVERNMENT'S RESPONSE** |
| | ) | **TO DEFENDANT'S MOTION** |
| | ) | **FOR BILL OF PARTICULARS** |
| LARRY BORJA HOCOG, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by its undersigned counsel, in response to defendant Dr. Larry Borja Hocog's Motion for a Bill of Particulars. The government respectfully submits that the Indictment adequately informs the defendant of the essential facts and elements of the charges, and in conjunction with furnished discovery, provides him with sufficient information to prepare his case and to avoid double jeopardy concerns. The government will timely provide additional discovery material as required by the Federal Rules of Criminal Procedure, by law, or by order of the Court.

## ARGUMENT

The information provided by the Indictment in this case is sufficient because each count tracks the language of the statute, identifies the type of drugs allegedly distributed, establishes the approximate dates of the distributions, and informs where those distributions took place. See United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988) (sufficient to track language of statute, provided the indictment also includes the approximate dates, the place of the transactions, and the types of controlled substance distributed). See also United States v. Debrow, 346 U.S. 374, 376 (1953) ("The sufficiency of an indictment is not a question of whether it could have been more definite and certain, but whether it contains the elements of the offense intended to be charged"). The defendant seeks specifics that do not need to be in the charging instrument. See United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir. 1985) (bill of particulars was not warranted when the defendant merely sought to obtain co-conspirator names, exact dates and overt acts). The information sought is readily ascertainable from the provided discovery. See United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984) (bill of particulars not warranted if the indictment provides details of the charges and the government provides full discovery to the defense).

## CONCLUSION

For the reasons stated herein, the government respectfully requests that the defendants' motion be denied.

Respectfully submitted this 6th day of June 2008.

          LEONARDO M. RAPADAS  
          United States Attorney  
          District of the Northern Mariana Islands

          _____  
          By: ERIC S. O'MALLEY  
          Assistant U.S. Attorney