RAMON K. QUICHOCHO, ESQ.
LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2nd Floor, Sign Arts Bldg., San Jose
P.O. Box 505621
Saipan, MP 96950
Tel. No.: 670-234-8946
Fax: 670-234-8920
Email: karissa129@gmail.com

MICHAEL W. DOTTS, ESQ.
O'CONNOR BERMAN DOTTS & BANES
2nd Floor, Marianas Business Plaza
P.O. Box 501969
Saipan, MP96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683
Email: attorneys@saipan.com

WILLIAM M. FITZGERALD, ESQ.
Law Office of William M. Fitzgerald
P.O. Box 500909
Saipan, MP 96950
Telephone No. (670)234-7241
Facsimile No. (670)234-7530

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00016 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFENDANT'S PROPOSED JURY** |
| ) | **INSTRUCTIONS** |
| LARRY BORJA HOCOG, ) | |
| ) | Date: July 7, 2008 |
| Defendant. ) | Time: 9:00 a.m. |
| ) | Judge: Honorable Alex R. Munson |

COMES NOW the Defendant, and submits his proposed Jury Instructions.

1

1

2    Dated:  June 30, 2008                Respectfully submitted,

3                                         O'CONNOR BERMAN DOTTS & BANES

4                                         _____/s/_____
5                                         Michael W. Dotts, Esq.

6
7    Dated:  June 30, 2008                LAW OFFICES OF RAMON K. QUICHOCHO, LLC

8                                         _____/s/_____
9                                         Ramon K. Quichocho, Esq.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. _____

## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.1 (2003).

1

INSTRUCTION NO. _____

## THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with distributing and dispensing controlled substances. The charges against the defendant are contained in the Indictment. The Indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.2 (2003).

See *United States v. Lopez*, 469 F.3d 1241, 1247-48 (9th Cir.2006) (noting that the Ninth Circuit has expressly held that the use of the phrase "unless and until" proved guilty adequately informs the jury of the presumption of innocence).

See also JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.3 (2004).

2

INSTRUCTION NO. _____

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which all the lawyers stipulate.


NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.3 (2003).

*See United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.) (material facts to which the parties voluntarily stipulate are to be treated as "conclusively established") (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976)), *amended by* 180 F.3d 1091 (9th Cir. 1999).

INSTRUCTION NO. _____

## WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.    statements and arguments of the attorneys;

2.    questions and objections of the attorneys;

3.    testimony that I instruct you to disregard; and

4.    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.4 (2003).

4

INSTRUCTION NO. _____

## EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.5 (2003).

As a general rule, limiting instructions need only be given when requested and need not be given sua sponte by the court. *United States v. McLennan,* 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied,* 435 U.S. 969 (1978). *See also United States v. Beltran,* 165 F.3d 1266, 1271-72 (9th Cir. 1999) (not plain error for court to fail to give limiting instructions regarding other act evidence), *cert. denied,* 120 S. Ct. 194 (1999); *United States v. Palmer,* 691 F.2d 921, 923 (9th Cir. 1982) (failure to give a limiting instruction sua sponte is generally not reversible error).

INSTRUCTION NO. _____

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.6 (2003).

*See United States v. Gulino,* 588 F.2d 256, 257–58 (9th Cir. 1978) (approving a similar instruction).

The law makes no distinction between the weight to be given to direct evidence and to circumstantial evidence. *United States v. Ramirez–Rodriquez,* 552 F.2d 883, 884 (9th Cir. 1977). *See also Payne v. Borg,* 982 F.2d 335, 339 (9th Cir. 1992), *cert. denied,* 450 U.S. 934 (1993) (explaining that "circumstantial evidence can be used to prove any fact, including facts from which another fact is to be inferred, and is not to be distinguished from testimonial evidence insofar as the jury's fact-finding function is concerned." (citation omitted.))

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

*See also* Instruction 3.8 (Direct and Circumstantial Evidence) for corresponding instruction to be given at the end of the case.

INSTRUCTION NO. _____

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.7 (2003).

7

INSTRUCTION NO. _____

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness's testimony;

6.  the reasonableness of the witness's testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.8 (2003).

The Committee recommends that the jurors be given some guidelines for determining credibility at the beginning of the trial so that they will know what to look for when witnesses are testifying.

*See also* Instruction 3.9 (Credibility of Witnesses) for the corresponding instruction to be given at the end of the case.

8

INSTRUCTION NO. _____

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff or clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.9 (2003).

An abbreviated instruction should be repeated before the first recess, and as needed before other recesses. *See* Instruction 2.1 (Cautionary Instruction at First Recess).

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino-Noriega*, 189 F.3d 1089, 1096 (9th Cir.) ("There is a reason that most judges continually admonish their juries during trials not to discuss the evidence or begin deliberations until told to do so, after all of the evidence, argument, and instruction on the law has been received."), *cert. denied*, 120 S. Ct. 453 (1999).

INSTRUCTION NO. _____

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.10 (2003).

The previous version of this instruction has been modified so as to delete the suggestion that read backs are either unavailable or highly inconvenient. The practice of discouraging read backs has been criticized in *United States v. Damsky*, 740 F.2d 134, 138 (2nd Cir.), *cert. denied*, 469 U.S. 918 (1984). *See also* **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures, § 5.1.F** (1998).

10

INSTRUCTION NO. _____

## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.12 (2003).

11

INSTRUCTION NO. _____

## JURY TO BE GUIDED BY
## OFFICIAL ENGLISH OR CHAMORRO
## TRANSLATION/INTERPRETATION

Languages other than English or Chamorro may be used during this trial.

The evidence you are to consider is only that provided through the official court interpreters and/or translators. Although some of you may know the non-English or non-Chamorro language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English or Chamorro interpretation and/or translation. You must disregard any different meaning of the non-English or non-Chamorro words.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 1.13 (2003).

The Committee recommends that this instruction be given in every case where applicable. *See United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998); *United States v. Fuentes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995).

*See* Instructions 2.8 (Transcript of Recording in Foreign Language) and 2.9 (Foreign Language Testimony) concerning foreign language transcripts and testimony to be given during trial, and Instruction 3.20 (Jury to be Guided by Official English Language Translation/Interpretation) to be given at the end of the case.

N.M.I. Const. art. XXII, § 3. *Jasper v. Quitugua*, 5 N.M.I. 220, 1999 MP 4.

12

INSTRUCTION NO. _____

## CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff or clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 2.1 (2003).

INSTRUCTION NO. _____

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 2.2 (2003).

Conducting bench conferences is within the discretion of the court. Regarding the defendant's right to be present at bench conferences, *see* **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures, § 1.6.A** (1998) .

14

INSTRUCTION NO. _____

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.1 (2003).

   *See* **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures, §
4.3.B** and § 4.3.**C** (1998).

*See also* Fed. R. Crim. P. 30.

15

INSTRUCTION NO. _____

## CHARGE AGAINST DEFENDANT NOT
## EVIDENCE—PRESUMPTION OF
## INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.2 (2003).

INSTRUCTION NO. _____

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.3 (2003).

It is preferable to tell the jury that no inference may be drawn from the fact that defendant failed to testify. *United States v. Castaneda*, 94 F.3d 592, 596 (9th Cir. 1996). The Committee recommends that this instruction be given in every criminal case in which the defendant does not testify unless objected to by the defendant. If the instruction is requested by the defendant, it must be given. *Carter v. Kentucky*, 450 U.S. 288 (1981); *Shults v. Whitley*, 982 F.2d 361 (9th Cir. 1992).

*See* Instruction 3.4 (Defendant's Decision to Testify) concerning the defendant's decision to testify.

17

INSTRUCTION NO. _____

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.4 (2003).

*See* Instruction 3.3 (Defendant's Decision Not to Testify) concerning the defendant's decision not to testify.

18

INSTRUCTION NO. _____

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.5 (2003).

The Committee strongly recommends that the jury be provided with a definition of reasonable doubt.

The Ninth Circuit has expressly approved a reasonable doubt instruction that informs the jury that the jury must be "firmly convinced" of the defendant's guilt. *United States v. Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992).

In *Victor v. Nebraska*, 511 U.S. 1, 5 (1994), the Court held that any reasonable doubt instruction must (1) convey to the jury that it must consider only the evidence, and (2) properly state the government's burden of proof. *See also Lisenbee v. Henry*, 166 F.3d 997, 999 (9th Cir. 1999), *cert.denied*, 120 S. Ct. 82 (1999).

Earlier model instructions instructed the jury to find the defendant guilty only if "you find the evidence so convincing that an ordinary person would be willing to make the most important decisions in his or her own life on the basis of such evidence." NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS 3.04 (1984); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS 3.04 (1985). The Committee rejected this analogy because the most important decisions in life—choosing a spouse, buying a house, borrowing money, and the like—may involve a heavy element of uncertainty and risk-taking and are wholly unlike the decisions jurors ought to make in criminal cases. *See United States v. Ramirez*, 136 F.3d 1209, 1213-14 (9th Cir.), *cert. denied*, 119 S. Ct. 415 (1998).

19

INSTRUCTION NO. _____

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.6 (2003).

*See United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.) (material facts to which the parties voluntarily stipulate are to be treated as "conclusively established") (citing *United States v. Houston,* 547 F.2d 104, 107 (9th Cir. 1976)), *amended by* 180 F.3d 1091 (1999).

20

INSTRUCTION NO. _____

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.7 (2003).

*See* Comment to Instruction 1.5 (Evidence of a Limited Purpose) regarding case law on limiting instructions.

*Turner v. Louisiana,* 379 U.S. 466, 471-73 (1965), discusses the right to a jury influenced only by courtroom evidence. *See also United States v. Harber,* 53 F.3d 236, 239-41 (9th Cir. 1995) (finding introduction of government official's report into jury room during deliberations inherently prejudicial).

INSTRUCTION NO. _____

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.8 (2003).

The Committee believes that a simple instruction on circumstantial evidence eliminates the need to explain what an inference is. The reasoning process described as drawing an inference may be treated in terms of circumstantial evidence. Such a general instruction obviates the need for instructions on particular inferences. Matters which might be the subject for such instructions (flight, resistance to arrest, *etc.*) are then better left to argument of counsel, subject to prior clearance with the court. *See United States v. Beltran–Garcia,* 179 F.3d 1200, 1206 (9th Cir. 1999) (in discussing jury instruction regarding inferring intent to possess for distribution from quantity of drugs, the Ninth Circuit stated that "[a]lthough the instructions in this case were not delivered in error, we do not hesitate to point out the 'dangers and inutility of permissive inference instructions.'" (citations omitted)), *cert. denied,* 528 U.S. 1097 (2000). *See also United States v. Rubio–Villareal,* 967 F.2d 294, 300 (9th Cir. 1992) (en banc) (Ninth Circuit disapproved of instructing the jury that knowledge of the presence of drugs in a vehicle may be inferred from the defendant being the driver). *See also* Introductory Comment to Part 4 (Consideration of Particular Evidence).

If an instruction defining the word "inference" is desired, the following language is suggested:

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact. In deciding whether to draw an inference, you must consider all the facts in the light of reason, common sense and experience. After you have done that, it is for you to decide whether to draw a particular inference.

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

22

INSTRUCTION NO. _____

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.9 (2003).

23

INSTRUCTION NO. _____

## **ACTIVITIES NOT CHARGED**

The defendant is on trial only for the crimes charged in the Indictment, not for any other activities.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.11 (2003).

This instruction should be given only when Fed. R. Evid. 404(b) evidence has not been admitted at trial.

24

INSTRUCTION NO. _____

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
## SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.12 (2003).

This instruction should be given when there is one defendant charged with multiple counts. If the case involves multiple defendants and multiple counts, Instruction 3.14 (Separate Consideration of Multiple Counts—Multiple Defendants) should be given instead. If more than one defendant is charged with the same crime, Instruction 3.13 (Separate Consideration of Single Count—Multiple Defendants) should be given.

When the counts are satisfactorily distinguished in the jury charge, the jury will be presumed to have followed instructions and not to have confused the evidence pertinent to the individual counts. *United States v. Parker*, 432 F.2d 1251, 1254 (9th Cir. 1970), *cert. denied*, 404 U.S. 836 (1971). An instruction to consider particular evidence only in connection with a certain count may be requested, but need not be given sua sponte. *See United States v. Brashier*, 548 F.2d 1315, 1323–24 (9th Cir. 1976), *cert. denied*, 429 U.S. 1111 (1977).

25

INSTRUCTION NO. _____

## JURY TO BE GUIDED BY
## OFFICIAL ENGLISH OR CHAMORRO
## TRANSLATION/INTERPRETATION

Languages other than English or Chamorro may be used during this trial.

The evidence you are to consider is only that provided through the official court interpreters and/or translators. Although some of you may know the non-English or non-Chamorro language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English or Chamorro interpretation and/or translation. You must disregard any different meaning of the non-English or non-Chamorro words.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 3.20 (2003).

The Committee recommends that this instruction be given in every case where applicable. *See United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998); *United States v. Fuentes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995).

N.M.I. Const. art. XXII, § 3. *Jasper v. Quitugua*, 5 N.M.I. 220, 1999 MP 4.

26

INSTRUCTION NO. _____

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 4.1 (2003).

Language from this instruction was expressly approved in *United States v. Hoac*, 990 F.2d 1099, 1108 n.4 (9th Cir. 1993).

The instruction uses the word "statement" in preference to the more pejorative term, "confession."

The failure specifically to instruct the jury to weigh the statement in the light of its circumstances may be ground for reversal, although not plain error in this circuit. *See United States v. Miller*, 603 F.2d 109 (9th Cir. 1979). *But see United States v. Barry*, 518 F.2d 342, 347–48 (2d Cir. 1975) (concluding that omission was plain error). Although the judge must determine the voluntariness of a confession outside of the presence of the jury in ruling on its admissibility, the jury must still be instructed to weigh the statement with regard to the circumstances in which it was made. *See Jackson v. Denno*, 378 U.S. 368 (1964); 18 U.S.C. § 3501 (Admissibility of Confessions).

27

INSTRUCTION NO. _____

## COUNT I: DISTRIBUTION OF OXYCODONE HYDROCHLORIDE

Dr. Hocog is charged in Count I of the Indictment with distributing and dispensing Oxycodone Hydrochloride, a controlled substance, in violation of Title 21, United States Code, §§ 822(b) and 841(a)(1). In order for Dr. Hocog to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that Dr. Hocog distributed Oxycodone Hydrochloride;

Second, that the distribution of Oxycodone Hydrochloride was outside the usual course of professional practice and without a legitimate medical purpose; and

Third, that Dr. Hocog acted with the intent to distribute Oxycodone Hydrochloride and with the intent to distribute it outside the course of professional practice.

*United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006).

28

INSTRUCTION NO. _____

## COUNT II: DISTRIBUTION OF MEPERIDINE

Dr. Hocog is charged in Count II of the Indictment with distributing and dispensing Meperidine, a controlled substance, in violation of Title 21, United States Code, §§ 822(b) and 841(a)(1). In order for Dr. Hocog to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that Dr. Hocog distributed Meperidine;

Second, that the distribution of Meperidine was outside the usual course of professional practice and without a legitimate medical purpose; and

Third, that Dr. Hocog acted with the intent to distribute Meperidine and with the intent to distribute it outside the course of professional practice.


*United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006).

29

INSTRUCTION NO. _____

## "OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE" AND "WITHOUT LEGITIMATE MEDICAL PURPOSE" EXPLAINED

There are no specific guidelines concerning what is required to support a conclusion that a defendant physician acted outside the usual course of professional practice and for other than a legitimate medical purpose. In making a medical judgment concerning the right treatment for an individual patient, physicians have discretion to choose among a wide range of options. Therefore, in determining whether a defendant acted without a legitimate medical purpose, you should examine all of a defendant's actions and the circumstances surrounding the same.

If a doctor dispenses a drug in good faith, in medically treating a patient, then the doctor has dispensed that drug for a legitimate medical purpose in the usual course of medical practice. That is, he has dispensed the drug lawfully.

Good faith in this context means good intentions, and the honest exercise of professional judgment as to the patient's needs. It means that the defendant acted in accordance with what he reasonably believed to be proper medical practice. If you find that the defendant acted in good faith in dispensing the drugs charged in the indictment, then you must find the defendant not guilty.

For you to find that the government has proven this essential element, you must determine that the government has proven beyond a reasonable doubt that the defendant was acting outside the bounds of professional medical practice, as his authority to prescribe controlled substances was being used not for treatment of a patient, but for the purpose of assisting another in the maintenance of a drug habit or dispensing controlled substances for other than a legitimate medical purpose, in other words, the personal profit of the physician. Put another way, the government must prove as to each count beyond a reasonable doubt that the defendant dispensed the specific controlled substance other than for a legitimate medical purpose and not with the bounds of professional medical practice.

A physician's own methods do not themselves establish what constitutes medical practice. In determining whether the defendant's conduct was within the bounds of professional practice, you should, subject to the instructions I give you concerning the credibility of experts and other witnesses, consider the testimony you have heard relating to what has been characterized during the trial as the norms of professional practice.

You should also consider the extent to which, if at all, any violation of professional norms you find to have been committed by the defendant interfered with his treatment of his patients and contributed to an over prescription and/or excessive dispensation of controlled substances. You should consider the defendant's actions as a whole and the circumstances surrounding them. A physician's conduct may constitute a violation of applicable professional regulations as well as applicable criminal statutes. However, a violation of a professional regulation does not in and of itself establish a violation of the criminal law. As I just indicated, in

determining whether or not the defendant is guilty of the crimes with which he is charged, you should consider the totality of his actions and the circumstances surrounding them and the extent and severity of any violations of professional norms you find he committed....

There has been some mention in this case from time to time of the standard of care. During the trial the words medical malpractice may have been used. Those words relate to civil actions. When you go to see a doctor, as a patient, that doctor must treat you in a way so as to meet the standard of care that physicians of similar training would have given you under the same or similar circumstances. And if they fall below that line or what a reasonable physician would have done, then they have not exercised that standard of care, which makes them negligent and which subjects themselves to suits for malpractice.

That is not what we're talking about. We're not talking about this physician acting better or worse than other physicians. We're talking about whether or not this physician prescribed a controlled substance outside the bounds of his professional medical practice.

*U.S. v. McIver*, 470 F.3d 550, 556 n.9 (4th Cir. 2006) (approved *id.* at 560).

INSTRUCTION NO. _____

## CRIMINAL LIABILITY OF PHYSICIAN

A physician is criminally liable when he ceases to distribute or dispense controlled substances as a medical professional, and acts instead as a "pusher."

A physician becomes a criminal not when he is a bad or negligent physician, but when he ceases to be a physician at all.

*United States v. Feingold*, 454 F.3d 1001, 1004, 1011 (9th Cir. 2006).

32

INSTRUCTION NO. _____

## PRESCRIPTION—DEFINED

The term prescription means an order for medication which is dispensed to or for an ultimate user but does not include an order for medication which is dispensed for immediate administration to the ultimate user. (e.g., an order to dispense a drug to a bed patient for immediate administration in a hospital is not a prescription.)

21 C.F.R. § 1300.01(b)(35)

33

INSTRUCTION NO. _____

## PERSONS REQUIRED TO REGISTER

(a)(1) Every person who manufactures or distributes any controlled substance or list I chemical, or who proposes to engage in the manufacture or distribution of any controlled substance or list I chemical, shall obtain annually a registration issued by the Attorney General in accordance with the rules and regulations promulgated by him.

(2) Every person who dispenses, or who proposes to dispense, any controlled substance, shall obtain from the Attorney General a registration issued in accordance with the rules and regulations promulgated by him. The Attorney General shall, by regulation, determine the period of such registrations. In no event, however, shall such registrations be issued for less than one year nor for more than three years.

Authorized activities

(b) Persons registered by the Attorney General under this subchapter to manufacture, distribute, or dispense controlled substances or list I chemicals are authorized to possess, manufacture, distribute, or dispense such substances or chemicals (including any such activity in the conduct of research) to the extent authorized by their registration and in conformity with the other provisions of this subchapter.
Exceptions

(c) The following persons shall not be required to register and may lawfully possess any controlled substance or list I chemical under this subchapter:

(1) An agent or employee of any registered manufacturer, distributor, or dispenser of any controlled substance or list I chemical if such agent or employee is acting in the usual course of his business or employment.

(2) A common or contract carrier or warehouseman, or an employee thereof, whose possession of the controlled substance or list I chemical is in the usual course of his business or employment.

(3) An ultimate user who possesses such substance for a purpose specified in section 802(25) of this title.
Waiver

(d) The Attorney General may, by regulation, waive the requirement for registration of certain manufacturers, distributors, or dispensers if he finds it consistent with the public health and safety.

21 U.S.C. § 822(a)-(d).

34

INSTRUCTION NO. _____

## PURPOSE OF ISSUE OF PRESCRIPTION

A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.

The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription.

An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of section 309 of the Act (21 U.S.C. 829) and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.

21 C.F.R. § 1306.04

35

INSTRUCTION NO. _____

## **DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 7.1 (2003).

In the ordinary case, a general instruction that the jury's verdict must be unanimous will be sufficient. *United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999); *United States v. Ferris*, 719 F.2d 1405, 1407 (9th Cir. 1983). However, when there is a genuine possibility of jury confusion, a more specific unanimity instruction—directing that the jury must be unanimous as to which facts satisfy particular elements of the crime—may be required. *Kim*, 196 F.3d at 1082; *United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983). *See* Instruction 7.9 (Specific Issue Unanimity).

36

INSTRUCTION NO. _____

## **CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 7.2 (2003).

37

INSTRUCTION NO. _____

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 7.4 (2003).

INSTRUCTION NO. _____

## **VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 7.5 (2003).

The judge may also wish to explain to the jury the particular form of verdict being used.

39

INSTRUCTION NO. _____

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS 7.6 (2003).

The court has a continuing duty to instruct the jury while it is deliberating. *McDowell v. Calderon*, 130 F.3d 833, 836 (9th Cir. 1997), *cert. denied*, 523 U.S. 1103 (1998). "Failure to provide the jury with a clarifying instruction when it has identified a legitimate ambiguity in the original instructions is an abuse of discretion." *United States v. Southwell*, 432 F.3d 1050, 1053 (9th Cir. 2005).