Ramon K. Quichocho
LAW OFFICE OF RAMON K. QUICHOCHO, LLC
Second Floor, Sign Arts Building
Ch. Msgr. Guerrero, San Jose, Saipan, CNMI
Mail: PO Box 505621 Saipan MP 96950
Phone: 234-8946
Fax: 234-8920
E-Mail: karissa129@gmail.com

Michael W. Dotts
Joseph E. Horey
O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
Marianas Business Plaza
Nauru Loop, Susupe, Saipan, CNMI
Mail: PO Box 501969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683
E-Mail: attorneys@saipan.com

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-00016 |
| Plaintiff, | ) | |
| vs. | ) | MOTION IN LIMINE RE TESTIMONY OF MICHAEL J. LEWIS |
| LARRY BORJA HOCOG, | ) | |
| Defendant. | ) | |

Defendant hereby moves the Court *in limine* to preclude testimony from the Government's witness Michael J. Lewis regarding the meaning of federal laws and regulations and their application to Defendant in this case, on the ground that such testimony invades the province of the Court to instruct the jury on the law. In support of this motion, Defendant shows the Court the following.

The Government has given notice that it intends to call, as a witness at trial, one Michael J. Lewis, whom it identifies as the Diversion Program Manager of the US Drug Enforcement

Agency. The Government has characterized his anticipated testimony as follows:

> Mr. Lewis will testify as to DEA regulations and requirements for the accreditation of medical doctors, and will discuss how they apply to the defendant. He will also testify as to procedures for revoking and reinstituting accreditation.

Letter of Eric S. O'Malley to Ramon Quichocho dated June 19, 2008.

Expert testimony explaining the law to the jury is improper and inadmissible. That is the job of the trial judge, not the prosecution's witnesses. The Ninth Circuit has explained:

> It is well settled that the judge instructs the jury in the law. Experts interpret and analyze factual evidence. They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their deliberations.
>
> The law would be in a curious state if jurors received their instructions on the law from an expert witness as well as from the trial judge. Resolving doubtful questions of law is the distinct and exclusive province of the trial judge. Expert testimony here would have been not only superfluous but mischievous.

United States v. Brodie, 858 F.2d 492, 469-97 (9th Cir. 1988) (citations and internal quotation marks omitted).[1] See also generally the thorough discussion of this issue in Pinal Creek Group v. Newmont Mining Corp., 352 F.Supp.2d 1037, 1042-44 (D. Ariz. 2005) ("In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts.") (citing multiple cases).

Mr. Lewis should therefore be precluded from testifying as to what the applicable DEA regulations are, and how they apply the Dr. Hocog. All such issues should be resolved by the Court, and the jury instructed accordingly. To the extent Mr. Lewis's testimony would contradict the Court's instructions, it is erroneous and confusing. To the extent it would be consistent with the Court's instructions, it is redundant and unnecessary.

---

[1] Brodie was later overruled in part, but the part of the opinion quoted here remains good law. See United States v. Scholl, 166 F.3d 964, 973 (9th Cir. 1999) (reaffirming Brodie on this point).

//

//

Respectfully submitted this 3rd day of July, 2008.

| LAW OFFICES OF RAMON K. QUICHOCHO<br>Attorneys for Defendant | O'CONNOR BERMAN DOTTS & BANES<br>Attorneys for Defendant |
|---|---|
| by:_____/s/_____<br>Ramon K. Quichocho | by:_____/s/_____<br>Joseph E. Horey |

3391-02-080703-M in limine re lewis.wpd