RAMON K. QUICHOCHO, ESQ. (F0243)
LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2nd Floor, Sign Arts Building, San Jose
P.O. Box 505621
Saipan, MP 96950
Tel. No.: 670.234.8946
Fax: 670.234.8920
Email: karissa129@gmail.com

MICHAEL W. DOTTS, ESQ. (F0150)
O'CONNOR BERMAN DOTTS & BANES
2nd Floor, Marianas Business Plaza
P.O. Box 501969
Saipan, MP 96950
Tel. No.: 670.234.5684
Fax: 670.234.5683
Email: attorneys@saipan.com

WILLIAM M. FITZGERALD, ESQ.
Law Office of William M. Fitzgerald
P.O. Box 500909
Saipan, MP 96950
Telephone No. (670)234-7241
Facsimile No. (670)234-7530

*Attorneys for Defendant Larry B. Hocog*

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO.: 08-00016-001 |
| Plaintiff, | |
| vs. | MOTION IN LIMINE |
| LARRY BORJA HOCOG, | Date: July 3, 2008 |
| Defendant. | Time: 1:30 p.m. |
| | Judge: Honorable Alex R. Munson |

Pursuant to Federal Rules of Evidence 403, 802, and 805, Dr. Hocog hereby moves the Court to enter an Order prohibiting the introduction of evidence by any party to this action or the reference by counsel in front of the jury the following:

*1*
*Motion in Limine*

1. <u>Government's Exhibit 1—DEA Controlled Substance Registration Certificate</u>

Government's Exhibit 1 violates Rule 403 and 802 of the Federal Rules of Evidence. Government's Exhibit 1 is Dr. Hocog's personal DEA Registration Certificate. The Controlled Substances Act provides who are required to register and who are exempted. 21 U.S.C. § 822. The issue in this case is whether Dr. Hocog is licensed or otherwise exempted under the Act, not whether Dr. Hocog issued controlled substances outside his personal DEA Certificate that he was not required to obtain because he was exempted as an employee of CHC. 21 U.S.C. § 822 and 841(a).

To allow the introduction of Government Exhibit 1 would be unfairly prejudicial, will cause confusion of the issues, or mislead the jury.

Therefore, the Court should prohibit the introduction of Government's Exhibit 1 by any party to this action or the reference by counsel in front of the jury.

2. <u>Government's Exhibit 2—Certification of Registration Status, dated April 10, 2008</u>

Government's Exhibit 2 is a hearsay within hearsay that violates Rule 805, 802, and 403 of the Federal Rules of Evidence. Government's Exhibit 2 is a certification of Mr. Richard A. Boyd regarding Dr. Hocog's personal DEA Registration number and regarding Dr. Hocog's alleged response to one of the DEA registration questions that Dr. Hocog filled out online.

To allow certification statements allegedly made by Dr. Hocog would constitute double hearsay, and therefore, not admissible. Furthermore, to allow such certification statements allegedly made by Dr. Hocog would also deprive Dr. Hocog his Sixth Amendment right to confront the witnesses against him.

Furthermore, to allow certification statements allegedly made by Dr. Hocog without the opportunity to cross-examine will be unfairly prejudicial, will likely confuse the issues, or mislead the jury.

Therefore, the Court should prohibit the introduction of Government's Exhibit 2 by any party to this action or the reference by counsel in front of the jury.

3. <u>Government's Exhibit 3—License issued by CNMI Medical Profession Licensing Board, dated January 1, 2007</u>

Government's Exhibit 3 violates Rule 403 and 802 of the Federal Rules of Evidence. Government's Exhibit 3 is Dr. Hocog's CNMI Medical License.

On or about December 21, 2004, the Medical Profession Licensing Board granted Dr. Hocog a license to practice medicine, but it placed conditions. On February 5, 2008, Dr. Hocog's former counsel and Dr. Hocog executed the Special Terms and Conditions of Medical License (the "License Terms and Conditions") that was prepared by former Assistant Attorney General Dana Emery, pursuant to the Medical Professional Licensing Board's decision to grant Dr. Hocog a conditional license to practice medicine.

Condition 4 of the License Terms and Conditions says that "I shall not prescribe any U.S. federally controlled substances to outpatients for twelve months following the date of issuance of my license." Condition 5 of the License Terms and Conditions says that "I agree to only prescribe U.S. federally controlled substance through the course of my employment at the Commonwealth Health Center (CHC) and only when those substances are part of specified course of treatment for an admitted patient." Condition 5 further states, "When I issue prescriptions to 'in-patients', I agree that an identified supervising CHC physician will countersign such prescriptions."

On or around February 27, 2006, however, the Medical Profession Licensing Board, by and through counsel, informed Dr. Hocog that the Medical Profession Licensing Board extended the originally imposed conditions for an additional 12-month period to run concurrent with the term of Dr. Hocog's license to practice medicine in the CNMI, which expired in December 2006.

When Dr. Hocog received his current license to practice medicine, he subsequently discovered that the words "*****RESTRICTED LICENSE*****LICENSEE CAN ONLY PRESCRIBE SCHEDULE IV AND V CONTROLLED SUBSTANCES" were type-written on his license.

Dr. Hocog, however, was never given any notice of hearing or opportunity to be heard regarding any extension of the restrictions on his license as originally imposed and which expired in December 2006.

To allow the introduction of Government's Exhibit 3 would be unfairly prejudicial, will cause confusion of the issues, or mislead the jury.

Therefore, the Court should prohibit the introduction of Government's Exhibit 3 by any party to this action or the reference by counsel in front of the jury.

4. Part of Government's Exhibit 5—Unexecuted Position Description

The last two pages (Position Description) of Government's Exhibit 5 are not part of Dr. Hocog's current contract with CHC and the Position Description is completely unexecuted.

To allow the introduction of the last two pages of Government's Exhibit 5 would be unfairly prejudicial, will cause confusion of the issues, or mislead the jury. It is, of course, hearsay in violation of Rule 802 of the Federal Rules of Evidence.

Therefore, the Court should prohibit the introduction of the last two pages of Government's Exhibit 5 by any party to this action or the reference by counsel in front of the jury.

5. <u>Government's Exhibit 16—CHC Ambulatory Encounter Form</u>

Government's Exhibit 16 violates Rules 805, 802, and 403. It will be a waste of time, cause undue delay, may mislead the jury, confuse the issues, or unfairly prejudicial to Dr. Hocog, because there is no order for controlled substances as charged in the Indictment on Exhibit 16.

Therefore, for the foregoing reasons stated above, Defendant Larry Hocog's motion in limine should be GRANTED.

Respectfully submitted this <u>3rd</u> day of <u>July</u>, 2008.

        O'CONNOR BERMAN DOTTS & BANES

        /s/MICHAEL W. DOTTS, ESQ.
        CNMI Bar No. F0150
        Attorneys for Defendant

        LAW OFFICES OF RAMON K. QUICHOCHO, LLC

        /s/RAMON K. QUICHOCHO, ESQ.
        CNMI Bar No. F0243
        Attorney for Defendant