LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant United States Attorney
DISTRICT OF THE NORTHERN
  MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone:  (670) 236-2980
Fax:           (670) 236-2985

Attorneys for United States of America

## UNITED STATES DISTRICT COURT
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                    )<br>            Plaintiff,                     )<br>                                                    )<br>        v.                                          )<br>                                                    )<br>                                                    )<br>LARRY BORJA HOCOG,           )<br>                                                    )<br>                                                    )<br>            Defendant.                )<br>                                                    ) | Criminal Case No. 08-00016<br><br>**MOTION *IN LIMINE* TO EXCLUDE CERTAIN PERSONS FROM THE COURTROOM**<br><br>Hearing:  July 3, 2008<br>Time:     1:30 p.m.<br>Judge:    Hon. Alex R. Munson |

COMES NOW, plaintiff United States of America, by and through the undersigned attorneys, and hereby requests a hearing on an order to exclude Representatives Luis P. Crisostomo, Justo S. Quitigua, and Stanley T. Torres, as well as Senators Paul A. Manglona, Victor B. Hocog, and Pete P. Reyes, from the courtroom for the duration of the trial, except as they may be called upon to testify.

### STANDARD FOR EXCLUSION

The government recognizes that the Sixth Amendment grants criminal defendants the right to a public trial. However, this right is not absolute and must yield to the fair and efficient administration of justice. See Waller v. Georgia, 467 U.S. 39, 45 (1984). The Ninth Circuit recognizes a trial judges's authority to exclude certain persons from the courtroom if there is

substantial reason. United States v. Sherlock, 969 F.2d 1349, 1357 (9th Cir. 1992)(as amended). The determination to exclude requires three steps: First, the Court must hold a hearing on the disclosure and allow those to be excluded an opportunity to be heard; second, the Court must make factual findings to support the closure; finally, the Court must consider reasonable alternatives to the exclusion. Id., at 1358-59.

## BASIS FOR THE REQUEST

The government has become aware of at least two instances whereby prospective witnesses were confronted by one or more of the above-named persons who acted in a manner that could be construed as an attempt to influence their testimony. Because it is likely that some of the jurors will be employees of the CNMI government, and several witnesses *are* employees of the CNMI government, the presence of a highly-placed government official may intimidate the witnesses and inhibit the jury's ability to achieve a fair decision, based solely on the law and the facts of this case.

Respectfully submitted this 3rd day of July, 2008.

                    LEONARDO M. RAPADAS
                    United States Attorney
                    District of the Northern Mariana Islands

             _____/s/_____
By: ERIC S. O'MALLEY
     Assistant U.S. Attorney