LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant United States Attorney
DISTRICT OF THE NORTHERN
  MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2980
Fax:       (670) 236-2985

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08-00016 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MOTION *IN LIMINE* TO** |
| ) | **EXCLUDE CERTAIN** |
| ) | **ARGUMENTS AND EVIDENCE** |
| LARRY BORJA HOCOG, ) | Hearing: July 3, 2008 |
| ) | Time:    1:30 p.m. |
| ) | Judge:   Hon. Alex R. Munson |
| Defendant. ) | |
| ) | |

COMES NOW, plaintiff United States of America, by and through the undersigned attorneys, and hereby requests an order: (1) excluding as irrelevant evidence and argument regarding whether the defendant exercised a proper standard of care in administering controlled substances; and (2) excluding as a misstatement of law, any argument that the defendant was authorized to dispense Schedule II controlled substances under the Commonwealth Health Center's ("CHC") facility Drug Enforcement Administration ("DEA") registration number.

## BACKGROUND

On June 30, 2007, the parties in the above-captioned matter submitted pre-trial documents, including proposed voir dire questions and jury instructions, for the trial set to begin on Monday, July 7, 2007. The Court convened a pre-trial conference in chambers on Wednesday July 2, 2007;

Ramon K. Quichocho, Esq. appeared on behalf of the defendant, the plaintiff was represented by Assistant United States Attorney Eric S. O'Malley, with the assistance of DEA Special Agent Daniel Holcomb.  Based on the pre-trial documents submitted by the defendant, as well as discussions during the chambers conference, it appears Dr. Hocog intends to build his defense on what the government contends are erroneous interpretations of law.  In order to ensure that the jurors are able to focus exclusively on the facts as they relate to the law of *this case*, the government now seeks a prophylactic order barring any argument that will serve only to muddle what should be bright-line legal issues.

## ARGUMENT

**I.     The Defendant Should Be Barred From Arguing Under Any Standard Other Than That He Distributed Schedule II Controlled Substances Without Federal Authorization.**

Defendant first contends that the applicable standard for a determination of guilt should be whether he intentionally distributed Schedule II controlled substances "outside the usual course of professional practice and without a legitimate medical purpose".  Def.'s Proposed Jury Instructions, at 28, 29.  Presumably, he also intends to introduce evidence and make arguments during trial that if he acted within that standard, the jury may find him not guilty.  His argument, however, derives from a case that is factually distinct from that at the bar.  In United States v. Feingold, 454 F.3d 1001 (9th Cir. 2006) cert. denied, 127 S.Ct. 695 (2006), an appellate court affirmed the conviction of a naturopathic physician found guilty for his profligate dispensations of controlled substances.  The jury instructions in that case are similar to those which Dr. Hocog offers in this case.  But, unlike this case, Feingold did not involve a physician with a restricted DEA license.  Although the state of Arizona rescinded its authorization to dispense Schedule II controlled substances for the category of physicians to which Dr. Feingold belonged, the decision did not discuss the status of his federal license.  The fact that Dr. Feingold continued to dispense Schedule II drugs after his state authority was rescinded was thus probative that he violated a federally-recognized "standard of care", but it was not determinative for purposes of conviction under the federal distribution statute–which corresponded to his DEA, not state of Arizona, license.

2

The law in this case is determinate. Federal law explicitly prohibits the knowing or intentional distribution of controlled substances. 18 U.S.C. § 841(a)(1). However, (in addition to exceptions inapplicable to this case) the law enables the Attorney General to register, and thus authorize, certain persons to give controlled substances to consumers. 18 U.S.C. § 822(b); 21 U.S.C. § 823(f) . The Attorney General has delegated this responsibility to the Drug Enforcement Administration. 28 C.F.R. § 0.100. The Attorney General may also, through the DEA, rescind or deny a physician's registration. 18 U.S.C. § 823(b); 21 U.S.C. § 824(a).

The CNMI medical licensing board restricted Dr. Hocog to dispensing only Schedule IV and V controlled substances. When he subsequently reapplied for DEA registration, he was granted authority to handle only controlled substances in Schedules IV and V. Therefore, during the period in question, he was neither registered nor authorized by the DEA to distribute Schedule II controlled substances. Even as a physician, he stood as any other non-registered person in his ability to dispense those drugs. See Feingold, 454 F.3d, at 1011, n.2 (recognizing that "[w]here the federal government has legitimately and expressly limited the ways in which practitioners may employ controlled substances, a practitioner may be prosecuted for exceeding such federal restrictions."). See also Oregon v. Ashcroft, 868 F.3d 1118, 1131 (9th Cir. 2004).

Whether Dr. Hocog acted in good faith, in the regular course of medical practice, or within the applicable standard of professional care, is immaterial to this case. The "standard" is, in effect, a bright-line rule; the functional equivalent of strict liability. If Dr. Hocog knowingly and intentionally distributed or dispensed a controlled substance while he was without authority to do so, he has violated section 841(a). It does not matter whether there was a legitimate medical purpose for those dispensations because he was not authorized to make them under any circumstance. This no doubt makes the defendant unhappy, but it is the law, and counsel should not be allowed to confuse matters by arguing as if it is otherwise.

3

**II.  The Defendant Should Be Barred From Arguing that He Was Authorized to Dispense Schedule II Controlled Substances Under CHC's Facility Number.**

Based on discussions during the pre-trial conference, it appears the defendant intends to argue that he was authorized to dispense Schedule II controlled substances notwithstanding his lack of an individual license.  The argument is based on a common practice in the medical industry whereby certain physicians may prescribe controlled substances using their hospital or institution's DEA registration number.  This practice is condoned by federal law under specifically prescribed circumstances.  However, based on the facts thus far known, said practice is not available as a lawful defense in this case, and, the defendant should not be permitted to argue as if it is.

It hardly bears repeating, but in our system, jurors decide the facts and apply them to laws as determined by a judge.  See e.g., Sparf v. United States, 156 U.S. 51, 65 (1895).  The law at issue here permits physicians to dispense controlled substances under a hospital's DEA registration number if, *inter alia*, the following factors are satisfied: (a) the physician is authorized to dispense those controlled substances in the jurisdiction in which he or she practices; (b) the hospital has verified that jurisdiction's authorization of the physician; (c) the hospital has authorized the physician to dispense controlled substances and has issued a specific internal code number to the physician; and (d) the authorization is documented in a log kept by the hospital.  21 C.F.R. § 1301.22(c).

To date, the government has seen no indication that Dr. Hocog satisfies any of these four elements.  The fact is, the CNMI licensing board specifically barred him from prescribing Schedule II substances beginning January 1, 2007, thus he fails even the first of these requirements.  Accordingly, unless he can provide evidence (not simply argument) to the contrary, he should not be permitted to insinuate that he could lawfully dispense Schedule II controlled substances using CHC's facility number.  To permit such argument would again muddle a legal criterion that is, in fact, quite clear-cut.

## CONCLUSION

For the reasons set forth herein, the government respectfully requests an order from the Court barring the introduction of the aforementioned evidence or arguments.

Respectfully submitted this 3rd day of July, 2008.

                                               LEONARDO M. RAPADAS  
                                               United States Attorney  
                                               District of the Northern Mariana Islands

                                               */s/ Eric S. O'Malley*  
                                           By: ERIC S. O'MALLEY  
                                               Assistant U.S. Attorney