Ramon K. Quichocho
LAW OFFICE OF RAMON K. QUICHOCHO, LLC
Second Floor, Sign Arts Building
Ch. Msgr. Guerrero, San Jose, Saipan, CNMI
Mail: PO Box 505621 Saipan MP 96950
Phone: 234-8946
Fax: 234-8920
E-Mail: karissa129@gmail.com

Michael W. Dotts
Joseph E. Horey
O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
Marianas Business Plaza
Nauru Loop, Susupe, Saipan, CNMI
Mail: PO Box 501969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683
E-Mail: attorneys@saipan.com

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>LARRY BORJA HOCOG,<br><br>　　　　　　　Defendant. | Criminal Case No. 08-00016<br><br>OBJECTION TO GOVERNMENT'S PROPOSED JURY INSTRUCTION 14 & 15 AND PROPOSED VOIR DIRE QUESTIONS 2 & 6 |

Defendant hereby objects to the Government's Proposed Jury Instruction Nos. 14 and 15 on the ground that it does not accurately state the elements of the offense. Proposed Instruction No.14 states the elements as follows:

First, the Defendant knowingly and intentionally distributed or dispensed oxycodone hydrochloride, a Schedule II controlled substance; and

Second, the Defendant was not authorized by the United States Drug Enforcement Administration to distribute Schedule II controlled substances.

Proposed Instruction No. 15 is identical, except that it substitutes "meperidine" for "oxycodone hydrochloride."

This instruction misstates the elements of a violation of 21 U.S.C. § 841(a), which – as applied in a case where the defendant is a medical practitioner – are set out by the Ninth Circuit as follows:

> Simply put, to convict a practitioner under § 841(a), the government must prove (1) that the practitioner distributed controlled substances, (2) that the distribution of those controlled substances was outside the usual scope of professional practice and without a legitimate medical purpose, and (3) that the practitioner acted with intent to distribute the drugs and with the intent to distribute them outside the course of professional practice.

United States v. Feingold, 454 F.3d 1001, 1008 (9th Cir. 2006) (emphasis omitted). Defendant's Proposed Jury Instructions on the elements track the Feingold formulation verbatim, and thus state the law correctly. The Government's instructions, by contrast, omit the important element that the physician must have intentionally acted outside the course of professional practice and without a legitimate medical purpose. The Government's instructions also make the specific terms of the defendant's DEA authorization an element of the offense, when neither the statute itself nor its definitive construction in Feingold does so. The Government's instructions are therefore an incorrect statement of the applicable law, and Defendant objects to them on that basis.

The Government's proposed *voir dire* questions 2 and 6 reflect the same inaccurate view of the law as its instructions on the elements. Proposed Question No. 2 states:

> If the evidence in a case shows that someone broke the law, are you willing to find that person guilty, even if you feel he or she was just trying to do "the right thing".

This implication of the question is that the issue of whether the defendant was "trying to do the right thing" is irrelevant to the ultimate issue of whether or not he "broke the law." That implication may be accurate in some cases, where the defendant's good faith is not a defense under the applicable law, but this is not such a case. Here, the question of whether a physician acted "outside the usual scope of professional practice and without a legitimate medical

purpose," thus whether he violated the law, necessarily implicates the question of whether he acted in good faith. See Feingold, supra, 454 F.3d at 1008-09 (approving instructions that expressed these elements in terms of "good faith" and "sincerity," including one stating that "a controlled substance is distributed by a practitioner in the usual course of his professional practice if the substance is distributed by him *in good faith in medically treating a patient*," and another stating that "*good faith in this context means an honest effort* to prescribe for a patient's condition") (emphasis in original). See also, e.g., United States v. McIver, 470 F.3d 550, 560 (4th Cir. 2006) ("[G]ood faith is a defense to a charge under § 841(a)(1)[.]"); United States v. Tran Trong Cuong, 18 F.3d 1132, 1138 (4th Cir. 1994) (approving the instruction: "If you find the defendant acted in good faith in dispensing the drug, then you must find him not guilty.").[1] Thus, if a physician was acting in good faith – i.e., "trying to do the right thing" – he was not "breaking the law." Since the Government's question is premised on the opposite being the case, it is not a useful or appropriate question, and should not be asked.

> Proposed Question No. 6 states:
> Do you believe doctors should be treated easier under the law because they are doctors and their job is to help people?

The clear implication of the question is that doctors *should not* be (or, in any event, *are not*) "treated easier" under the law "because they are doctors." However, 21 U.S.C. § 841(a), as construed in Feingold, does distinguish between doctors and other people. A layman would be in violation of the law if he distributed a controlled substance at all; a doctors would be guilty only if he did so "without a legitimate medical purpose." If he did so *with* a legitimate medical purpose, he would not be guilty. Since doctors are, to that extent, "treated easier under the law

---

[1] Tran Trong Cuong was followed in McIver and was also cited with approval by the Ninth Circuit in Feingold. See 454 F.3d at 1011.

3

because they are doctors," this question is not useful in eliciting any relevant, potentially disqualifying, bias of a prospective juror, which is its only apparent purpose.[2]

For the foregoing reasons, the Government's Proposed Instructions 14 and 15 should not be given, and its proposed *voir dire* questions 2 and 6 should not be asked.

Respectfully submitted this 2nd day of July, 2008.

| LAW OFFICES OF RAMON K. QUICHOCHO | O'CONNOR BERMAN DOTTS & BANES |
| Attorneys for Defendant | Attorneys for Defendant |

by: _____/s/_____
    Ramon K. Quichocho

by: _____/s/_____
    Joseph E. Horey

*3391-01-080702-PL-objection to instruction.wpd*

---

[2] In any case, the issue of what a prospective juror "believes" the law "should" or "should not" be is not determinative of that juror's qualification to serve, but rather the issue of whether that juror can and will follow the applicable law regardless of his or her personal beliefs as to what the law should ideally be.