Ramon K. Quichocho
LAW OFFICE OF RAMON K. QUICHOCHO, LLC
Second Floor, Sign Arts Building
Ch. Msgr. Guerrero, San Jose, Saipan, CNMI
Mail: PO Box 505621 Saipan MP 96950
Phone: 234-8946
Fax: 234-8920
E-Mail: karissa129@gmail.com

Michael W. Dotts
Joseph E. Horey
O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
Marianas Business Plaza
Nauru Loop, Susupe, Saipan, CNMI
Mail: PO Box 501969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683
E-Mail: attorneys@saipan.com

## IN THE DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08-00016 |
| Plaintiff, | FURTHER OBJECTION TO GOVERNMENT'S PROPOSED JURY INSTRUCTION 14 & 15 |
| vs. | |
| LARRY BORJA HOCOG, | |
| Defendant. | |

In addition to the reasons already stated, Defendant objects to the Government's Proposed Jury Instructions 14 and 15 for the additional reason that, contrary to what those instructions state, dispensing a controlled substance without a DEA registration is not *per se* unlawful under the Controlled Substances Act.

The Government is assuming that it is unlawful because of 21 U.S.C. § 822(b), which provides:

Persons registered by the Attorney General under this subchapter to manufacture,

> distribute, or dispense controlled substances or list I chemicals are authorized to
> possess, manufacture, distribute, or dispense such substances or chemicals . . . to
> the extent authorized by their registration and in conformity with the other
> provisions of this subchapter.

To say, however, that registered persons "are authorized" to dispense controlled substances under certain circumstances is not to say that non-registered persons are *prohibited* from dispensing them under *any* circumstances.    This is evident not just from the statutory language, but also from the fact that section 822(b) was "added to the original bill at a late date, to make it clear that persons registered under this title are authorized to deal in or handle controlled substances." United States v. Moore, 423 U.S. 122, 132-33 (1975) (footnote and internal quotation marks omitted).   Indeed, the section was added to the bill by a House committee, and was not even in the bill when it was passed by the Senate!   Id. at fn. 9.   Thus, it should it be read as merely clarifying the law, not as adding a new substantive prohibition that had not been in the Controlled Substances Act originally.

Furthermore, other provisions of the Act also demonstrate that "dispensation without registration" is not *per se* unlawful.   21 U.S.C. § 829 authorizes a practitioner to dispense controlled substances directly to an ultimate user, without any reference to DEA registration. See also United States v. Black, 512 F.2d 864, 866 (9th Cir. 1975) ("In short, a 'practitioner' who dispenses does not violate the Act."); United States v. Rosenberg, 515 F.2d 190, 193 (9th Cir. 1975) ("Under the statute a 'practitioner' is authorized to prescribe controlled substances."). "Practitioner" is defined by 21 U.S.C. § 802(21) as including a person permitted to dispense controlled substances *either* "by the United States *or* the jurisdiction in which he practices." Thus a doctor authorized to dispense controlled substances under state law may do so, even without DEA registration, without violating the Controlled Substances Act.[1]

---

[1]

Moreover, section 822 itself provides that the registration requirement may be waived by the Attorney General by regulation. 21 U.S.C. § 822(f). The Attorney General has done so in 21 C.F.R. § 1301.22, which allows an unregistered doctor employed by a hospital to "administer, dispense, or prescribe controlled substances under the registration of the hospital or other institution which is registered *in lieu of being registered him/herself*," under certain circumstances, including, again, authorization under local law.

For the foregoing reasons, it is not accurate to say that the dispensation of a controlled substance, in the absence of a DEA registration, is, for that reason alone, *per se* illegal. Since that is what the Government's proposed instructions state, they should not be given.

Respectfully submitted this 3rd day of July, 2008.

LAW OFFICES OF RAMON K. QUICHOCHO          O'CONNOR BERMAN DOTTS & BANES
Attorneys for Defendant                                         Attorneys for Defendant

by:_____/s/_____          by:_____/s/_____
                 Ramon K. Quichocho                                    Joseph E. Horey

*3391-02-080703-PL-further objection.wpd*

---

Indeed, absent a specific finding by the Attorney General that doing so would be inconsistent with the public interest, the DEA registration itself *must* be issued to an applicant who is authorized to dispense controlled substances "under the laws of the State in which he practices." 21 USC 823(f). State law is thus the "dog" and the DEA registration is the "tail" – but under the Government's view of the law the tail is wagging the dog.

3