Case 1:08-cr-00016   Document 43   Filed 07/08/2008   Page 1 of 5

FILED
Clerk
District Court

JUL -8 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LARRY BORJA HOCOG,

    Defendant.

_____/

Criminal Case No. 08-0016

**ORDER REGARDING
MOTIONS IN LIMINE**

THIS MATTER came before the Court on Thursday, July 3, 2008 at 1:30 pm pursuant to motions *in limine* filed by Defendant Dr. Larry Borja Hocog and the United States of America. Having carefully reviewed the parties' briefs and the relevant legal authority and having had the benefit of oral argument, the Court makes the following findings.

I.    **Government's Motion *In Limine* to Exclude Certain Arguments and Evidence.**

    A.     **The Relevant Legal Standard.**

The Government argues that the defense should be barred from arguing under any standard other than that outlined in 21 U.S.C. § 841. The defense argues that in order to find a physician guilty of violating § 841, the finder of fact must determine that the physician acted "outside the usual course of professional practice and without a legitimate medical purpose." Section 841(a)(1) states, in pertinent part, "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841. In addition, section 822(b) authorizes persons registered with the Attorney General "to manufacture, distribute, or dispense controlled substances . . . to the extent authorized by their registration and in conformity with the other provisions of this subchapter." 21 U.S.C. § 822(b). The statute is clear: "[U]nder the plain language of the statute, a person who is not registered by

the Attorney General for a given substance is not authorized to dispense it and thus is not excepted from prosecution under section 841." *United States v. Blanton*, 730 F.2d 1425, 1429 (11th Cir. 1984). If Dr. Hocog distributed or dispensed a controlled substance that he was not registered to distribute or dispense, he has violated the statute regardless of his status as a physician and regardless of the standard of care he abided by. *Id.* ("[A] physician who dispenses a controlled substance in knowing violation of the Controlled Substances Act's registration requirement can be convicted under 21 U.S.C.A. § 841(a)(1) *without proof that the drugs were dispensed outside the bounds of professional practice*." (emphasis added)).[1]

Accordingly, the Government's motion is GRANTED and the defense is hereby barred from introducing evidence or making arguments during trial that Dr. Hocog acted with the appropriate standard of care because it is not relevant.

### B. Commonwealth Health Center's Registration.

The Government also argues that Dr. Hocog should be barred from arguing that he was authorized to dispense controlled substances by way of the Commonwealth Health Center's ("CHC") registration number. As noted above, any person who distributes or dispenses a

---

[1] The Court notes that the defense argued extensively at the hearing that *any* physician charged with violating 21 U.S.C. § 841 *must* be found to have acted outside the usual course of professional practice. The defense cites to three cases, none of which are apposite.

In *United States v. Moore*, the Court held that a physician could be prosecuted under § 841 for distributing a controlled substance that s/he was registered to dispense if the physician's action fell outside the usual course of professional practice. 423 U.S. 122 (1975). In *United States v. Goldstein*, the Tenth Circuit held that physicians are exempt under § 841 if they are registered to dispense the controlled substance and they do so accord with the usual course of professional practice. 695 F.2d 1228, 1233 (10th Cir. 1983) (applicable even where the substances are ultimately being sold through an unregistered pharmacy). Finally, in *United States v. Feingold*, the Ninth Circuit held that where a practitioner is accused of acting "outside the usual course of professional conduct" in violation of § 841, "the practitioner must have deliberately acted in this fashion in order for him to be convicted of a crime." 454 F.3d 1001, 1007–08 (9th Cir. 2006).

Here, Dr. Hocog is not accused of exceeding the bounds of his usual professional practice. Instead, he is accused of distributing controlled substances without proper authority. Accordingly, the usual course of professional practice is not relevant.

controlled substance violates 21 U.S.C. § 841 unless that distribution is otherwise authorized. Under 21 C.F.R. § 1301.22, "[a]n individual practitioner who is an agent or employee of a hospital or other institution may, when acting in the normal course of business or employment, administer, dispense, or prescribe controlled substances under the registration of the hospital or other institution which is registered in lieu of being registered him/herself, provided that: [among other things,] Such individual practitioner is authorized or permitted to do so by the jurisdiction in which he/she is practicing."

Here, if Dr. Hocog was not authorized or permitted to distribute or dispense the controlled substances he is accused of distributing or dispensing, then he cannot fall within this exception. Accordingly, the Government's motion is GRANTED and the defense is hereby barred from presenting evidence or making arguments during trial that Dr. Hocog was authorized to distribute or dispense Schedule II controlled substances by way of CHC's registration.

However, the motion is granted without prejudice to the extent that Dr. Hocog intends to present evidence to show that he was in fact authorized or permitted to distribute Schedule II controlled substances (and that all of the other factors within 21 C.F.R. § 1301.22 have been fulfilled). If the issue is factual then it should be addressed by the jury.

II.     **Government's Motion *In Limine* to Exclude Certain Persons From the Courtroom.**

The Government asks that various political figures be excluded from the courtroom for the duration of the trial except as they may be called upon to testify. The motion is DENIED at this time because the Court finds that substantial reason for such an exclusion was not shown.

III.    **Defense's Motion *In Limine* Re Testimoney of Michael J. Lewis.**

Dr. Hocog moves to preclude the testimony of Michael J. Lewis regarding the meaning of federal laws and regulations and how they apply to the facts of this case. However, the Government asserts that Mr. Lewis will testify to the DEA procedures that doctors are subject to with respect to being granted and denied the authority to distribute controlled substances. The asserted purpose of Mr. Lewis' testimony is proper in light of the allegations in the indictment.

1  Accordingly, the motion is DENIED.

2  **IV.    Defense's Motion *In Limine*.**

3   **A.** **Re: Government's Exhibit 1.**

4   Dr. Hocog seeks to exclude his "DEA Controlled Substance Registration Certificate"

5  because he asserts he did not need it because he was acting as an employee of CHC. The motion

6  is DENIED (*see* discussion above in Part I.B.).

7   **B.** **Government's Exhibit 2.**

8   Dr. Hocog seeks to exclude his "Certification of Registration Status, dated April 10,

9  2008" because the evidence is double hearsay and it would violate his Sixth Amendment right to

10 confront the witnesses against him. The Court reserves its ruling on this objection until the time

11 of trial to determine whether Dr. Hocog will be able to properly confront the witness.

12  **C.** **Government's Exhibit 3.**

13  Dr. Hocog seeks to exclude his CNMI Medical License dated January 1, 2007 because he

14 asserts that the typewritten restriction on the front of the license is a mistake. Further, Dr. Hocog

15 asserts that he was denied his right to due process when this restriction was (mistakenly) placed

16 on his license without giving him notice or an opportunity to be heard. The Court is not

17 persuaded that the evidence is unfairly prejudicial or will cause confusion or mislead the jury.

18 Accordingly, the motion is DENIED.

19  **D.** **Government's Exhibit 5 (in part).**

20  Dr. Hocog seeks to exclude the "Unexecuted Position Description" of his contract with

21 CHC. The Court DENIES the motion without prejudice to a further objection at trial when the

22 Court is able to view the evidence in context.

23  **E.** **Government's Exhibit 16.**

24  Finally, Dr. Hocog seeks to exclude the CHC Ambulatory Encounter Form. The

25 Government concedes that it will not introduce the Form. Accordingly, the motion is

26 GRANTED.

V.  Defense's Objection to Government's Proposed Jury Instructions 14 & 15 and Proposed *Voir Dire* Questions 2 & 6.

    A.  Objection to Jury Instructions.

The Court will rule on objections to jury instructions when the proposed final instructions are settled and the Court has seen the evidence presented at trial.

    B.  Objection to *Voir Dire* Questions.

Dr. Hocog's general objections to the Government's *voir dire* questions are DENIED based on the reasons set forth above in Part I.A.

**IT IS SO ORDERED.**

Dated:    July 8, 2008

*/s/ Alex R. Munson*

ALEX R. MUNSON
UNITED STATES DISTRICT JUDGE