FILED
Clerk
District Court

JUL -9 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08-00016 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER RE-AFFIRMING |
| | ) | PRIOR DENIAL OF |
| LARRY BORJA HOCOG, | ) | DEFENDANT'S REQUESTED |
| | ) | JURY INSTRUCTION and |
| Defendant | ) | TAKING MATTER OFF- |
| | ) | CALENDAR |

This morning defendant filed a trial brief in support of his request for a proposed jury instruction on the elements of the offense. Because the court has previously denied this request, *see* "Order Regarding Motions In Limine" (July 8, 2008), and because the trial brief reiterates arguments the court has already rejected, the court re-affirms its prior order, without the need of a memorandum of law from plaintiff or oral argument.

AO 72
(Rev. 08/82)

As the court stated in its July 8th order:

> The Government argues that the defense should be barred from arguing under any standard other than that outlined in 21 U.S.C. § 841. The defense argues that in order to find a physician guilty of violating § 841, the finder of fact must determine that the physician acted "outside the usual course of professional practice and without a legitimate medical purpose." Section 841(a)(1) states, in pertinent part, "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841. In addition, section 822(b) authorizes persons registered with the Attorney General "to manufacture, distribute, or dispense controlled substances . . . to the extent authorized by their registration and in conformity with the other provisions of this subchapter." 21 U.S.C. § 822(b). The statute is clear: "[U]nder the plain language of the statute, a person who is not registered by the Attorney General for a given substance is not authorized to dispense it and thus is not excepted from prosecution under section 841." *United States v. Blanton*, 730 F.2d 1425, 1429 (11th Cir. 1984). If Dr. Hocog distributed or dispensed a controlled substance that he was not registered to distribute or dispense, he has violated the statute regardless of his status as a physician and regardless of the standard of care he abided by. *Id.* ("[A] physician who dispenses a controlled substance in knowing violation of the Controlled Substances Act's registration requirement can be convicted under 21 U.S.C.A. § 841(a)(1) *without proof that the drugs were dispensed outside the bounds of professional practice*." (emphasis added)).[1]

---

[1] The Court notes that the defense argued extensively at the hearing that *any* physician charged with violating 21 U.S.C. § 841 *must* be found to have acted outside the usual course of professional practice. The defense cites to three cases, none of which are apposite.

In *United States v. Moore*, the Court held that a physician could be prosecuted under § 841 for distributing a controlled substance that s/he was registered to dispense if the physician's action fell outside the usual course of professional practice. 423 U.S. 122 (1975). In *United States v. Goldstein*, the Tenth Circuit held that physicians are exempt under § 841 if they are registered to dispense the

Accordingly, the Government's motion is GRANTED and the defense is hereby barred from introducing evidence or making arguments during trial that Dr. Hocog acted with the appropriate standard of care because it is not relevant.

Defendant's reliance on one paragraph taken out of context in *United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006), and based on a significantly different fact situation than that presently facing the court, does not persuade the court that its reliance on the near-identical fact pattern in *Blanton* was erroneous. Accordingly, the court re-affirms its original order and declines to address this issue again in the future. The hearing set for Friday, July 11, 2008, is taken off-calendar.

IT IS SO ORDERED.

DATED this 9th day of July, 2008.

_____
ALEX R. MUNSON
Judge

---

controlled substance and they do so in accord with the usual course of professional practice. 695 F.2d 1228, 1233 (10th Cir. 1983) (applicable even where the substances are ultimately being sold through an unregistered pharmacy). Finally, in *United States v. Feingold*, the Ninth Circuit held that where a practitioner is accused of acting "outside the usual course of professional conduct" in violation of § 841, "the practitioner must have deliberately acted in this fashion in order for him to be convicted of a crime." 454 F.3d 1001, 1007–08 (9th Cir. 2006).
    Here, Dr. Hocog is not accused of exceeding the bounds of his usual professional practice. Instead, he is accused of distributing controlled substances without proper authority. Accordingly, the usual course of professional practice is not relevant. (Footnote in original Order of July 8, 2008).